CV 12 - 6099

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin Corporation, <br><br> Plaintiff, <br><br> v. <br><br> GENNADIY TVERSKOY (individually and d/b/a MODERN1FURNITURE.com and MIG FURNITURE DESIGN), <br><br> and <br><br> MIG FURNITURE DESIGN, INC., <br> A New York Corporation, <br><br> Defendants. | SUMMONS ISSUED <br> Civil Action No. <br><br> GLASSER, J. <br><br> GOLD, M.J. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Ashley Furniture Industries, Inc. ("Ashley" or "Plaintiff") sets forth its Complaint against Defendants Gennadiy Tverskoy (d/b/a modern1furniture.com and MIG Furniture Design) and MIG Furniture Design Inc. ("Defendants"), as follows:

1. This is an action for trademark infringement, false designation of origin, false advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; for deceptive acts and practices in violation of the New York Consumer Protection Act, New York General Business Law § 349; and for trademark infringement and unfair competition under the common law of New York.

## THE PARTIES

2. Plaintiff Ashley is a Wisconsin corporation having its principal place of business at One Ashley Way, Arcadia, Wisconsin 54612.

3. Upon information and belief, Defendant Gennadiy Tverskoy is the registrant of the domain registration for the website, www.modern1furniture.com, and resides at 3751 18 Ave., 9a, Brooklyn, New York 11218 and/or 4750 Bedford Ave., Apt. LD, Brooklyn, New York 11235-2621. The website www.modern1furniture.com includes a web page stating, "Visit our showroom, 908 Avenue U, Brooklyn, NY 11223." A true copy of a print out of the web page as of April 2012 is attached as Exhibit 1.

4. Upon information and belief, Defendant MIG Furniture Design, Inc. is a corporation organized and existing under the laws of the State of New York having its principal office at 908 Avenue U, Brooklyn, NY 11223.

5. Upon information and belief, Defendants own and/or operate the web site www.modern1furniture.com and also own and/or operate a furniture showroom located at 908 Avenue U, Brooklyn, NY 11223.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1121. In addition, supplemental jurisdiction over related state law claims is conferred upon this Court by 28 U.S.C. § 1367(a). Additionally, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

7. The Court has personal jurisdiction over Defendants because Defendants have conducted and are doing business in this judicial district, both generally and with respect to the allegations in this Complaint and the events giving rise to this action.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), as well as 28 U.S.C. § 1400(a).

## FACTUAL BACKGROUND

### Ashley Has Used the ASHLEY Mark Continuously Since 1946

9. Ashley has manufactured and sold, and continues to manufacture and sell, a full line of household furniture under marks containing or comprising the word ASHLEY. Ashley and/or its predecessors have used the ASHLEY trademark in interstate commerce continuously since 1946. From the 1980s forward, Ashley has sold furniture in every style.

10. Ashley and its licensees have provided and continue to provide retail furniture store services under marks containing or comprising ASHLEY (hereafter the "ASHLEY marks"), including but not limited to services for furniture, home furnishings and home décor and accessories.

11. Ashley has taken steps to protect its valuable ASHLEY marks, and has enforced its rights in the ASHLEY marks against infringement. Ashley owns, among other registrations in the United States and around the world, United States Trademark Registration No. 1,600,879 issued on the Principal Register for the mark ASHLEY for furniture. This registration is valid, subsisting, incontestable and renewed. A true copy of the U.S. Patent and Trademark Office record for the registration is attached hereto as Exhibit 2.

12. Ashley owns United States Registration No. 1,864,076 issued on the Principal Register for the mark ASHLEY for retail store services in the field of furniture. A true copy of the U.S. Patent and Trademark Office record for such registration is attached hereto as Exhibit 3.

13. Ashley and its licensees have extensively advertised and promoted goods and services under the ASHLEY marks, resulting in widespread consumer and industry recognition

and goodwill in the ASHLEY marks. The result of Ashley's efforts has been tangible and substantial. As a result of Ashley's decades of use and promotion of the ASHLEY marks, in connection with its products and services, such marks have become well known as an indicator of source in Ashley, exclusively. With over fifty years of innovation and experience in the furniture industry, Ashley has become the number one selling brand of home furniture in North America, known for both high quality and high value.

14. The ASHLEY marks are well known, inherently distinctive with respect to Ashley's products and services, and famous from a time before Defendants commenced the actions complained of herein.

15. Today, Ashley is the largest furniture manufacturer, and the best-selling furniture brand, in the world. Ashley sells home furnishings and accessories through (at least) two distribution channels: through a network of thousands of independent third party retailers and through more than 400 licensed independently owned ASHLEY FURNITURE HOMESTORES® furniture stores.

16. Because of the continuous use of the trademark in interstate commerce, the above-referenced U.S. trademark registrations have achieved incontestable status under 15 U.S.C. §1065.

**Defendants' Unlawful Acts**

17. On or before early 2011, Defendant(s) began to advertise, promote, and sell furniture products in commerce by using the ASHLEY marks.

18. Defendants implemented advertisements directed to furniture buying consumers that include the ASHLEY marks that appear and/or appeared on Defendants' website, www.modern1furniture.com. Defendants used the ASHLEY marks in a manner designed to

represent that the source of Defendants' furniture products is Ashley and/or that the nature, quality and characteristics of Defendants' furniture products are the same as Ashley products. Those representations are false and misleading. On information and belief, Defendants seek to trade off of the resounding consumer goodwill of the ASHLEY marks and Ashley's products.

19. For example, on the website, www.modern1furniture.com, Defendants advertised, promoted, and offered for sale dining room furniture identified as "Contemporary Dining Room GF-Ashley," and "MODEL: GFU-Ashley." The description of the dining room furniture on the website read as follows:

> The **Ashley** Dining Room set provides Contemporary, Unique design ideal for your dining room. It will complement (sic) a variety of styles and decors. The **Ashley** dining set is a functional and stylish. It features soft lines and rounded shapes. This dining set offers durable construction, premium quality and superior craftsmanship. The **Ashley** dining set will greatly enhance every dining experience with its functionality and style.

A true copy of a print out of the webpage as of March 14, 2011 is attached as Exhibit 4 (emphasis added).

20. As another example, on the website www.modern1furniture.com, Defendants advertised, promoted, and offered for sale a sectional sofa sleeper identified as "Contemporary Sectional Sofa Sleeper IL- Ashley," and a sofa sleeper identified as "Contemporary Sofa (Sleeper) IL-Ashley". A true copy of a print out of the webpage as of March 14, 2011 is attached as Exhibit 5.

21. As another example, a search of the website, www.modern1furniture.com for the term "Ashley" as recently as August 2012, resulted in Contemporary Sectional Sofa Sleepers by "Ashly":

5



**Contemporary Sectional Sofa Sleeper IL-Ashly**
$899.00 $719.00
Save: 20% off
[VIEW DETAILS]



**Contemporary Sofa (Sleeper) IL-Ashly-1**
$679.00 $519.00
Save: 24% off
[VIEW DETAILS]

A true copy of a print out of the web page for the search results for keyword "Ashley" (http://www.modern1furniture.com/index.php?main_page=advanced_search_result&search_in_description=1&keyword=ashley) as of April 2012 is attached as Exhibit 6.

22. A reasonable opportunity for further investigation or discovery will likely show that Defendant(s) also advertise, promote, sell and/or offer to sell furniture under the mark ASHLEY or colorable variations thereof at their furniture showroom and corporate location at 908 Avenue U, Brooklyn, NY 11223.

23. Defendants are not authorized to use the mark ASHLEY. On information and belief, Defendants do not purchase any product or service from Ashley or its licensees, and Defendants do not sell or provide any product or service of Ashley or its licensees.

24. Defendants' advertising and promotional efforts involve the prominent use of the mark ASHLEY and confusingly similar variations thereof in connection with the sale and/or offer for sale of Defendants' goods in a manner that is likely to cause confusion, deception, or

mistake as to the affiliation, connection, or association of Ashley and Defendants and/or as to the origin, sponsorship or approval of certain of Defendants' products or services by Ashley. Defendants' activities are likely to cause confusion, to cause mistake and to deceive consumers and others as to the source, nature and quality of the goods and services offered by Defendants.

25. There is no association or affiliation of any kind between Ashley and Defendants, and Defendants' use of the ASHLEY marks is without Ashley's permission. Ashley has no control over the manner of Defendants' use of the ASHLEY marks or the quality of products or services advertised, promoted, and offered for sale by Defendants in connection with the ASHLEY marks.

26. Use of the mark ASHLEY and confusingly similar variations thereof by Defendants is likely to cause confusion or mistake in the minds of the public and lead the public and prospective purchasers to believe that Defendants' website and/or showroom are endorsed, sponsored or otherwise affiliated or connected with Plaintiff. Such confusion injures the purchasing public and Plaintiff.

**Willful Nature of Defendants' Conduct**

27. On information and belief, Defendants have placed into commerce their infringing use of the ASHLEY marks or a confusingly similar variation thereof to trade on, and to benefit from, the popularity and goodwill of the ASHLEY marks and the high quality and reliable products and services associated with and sold under those marks.

28. On information and belief, at the time the Defendants' infringing uses began and at all times thereafter, they were aware, or had reason to know, of Plaintiff's rights in the ASHLEY marks, which they knew was famous and valuable.

29. Plaintiff, through its counsel, has made numerous requests to Defendant Tverskoy to cease use of its mark ASHLEY.

   a. On March 15, 2011, Counsel for Plaintiff sent a letter to Defendant Gennadiy Tverskoy informing him that Plaintiff owns the ASHLEY mark and that Defendant's use of ASHLEY on its website, located at www.modern1furniture.com, was unauthorized by Plaintiff and was an infringement of Plaintiff's rights in the mark. The letter demanded that Defendant remove the ASHLEY mark from the website. Further, the letter demanded that Defendant agree to stop all use, in whatever form or fashion, of Plaintiff's name and trademark ASHLEY, or any name or mark that is confusingly similar to ASHLEY, by a date certain. A true copy of that correspondence is attached as Exhibit 7.

   b. On March 25, 2011, Counsel for Plaintiff sent another letter to Defendant Tverskoy informing him that Plaintiff had not received a response to its letter dated March 15, 2011. The letter demanded that Defendant stop its use of the word "Ashley" on the www.modern1furniture.com website in a manner that is confusingly similar to Plaintiff's ASHLEY mark. A true copy of that correspondence is attached as Exhibit 8.

   c. On December 22, 2011, counsel for Plaintiff wrote to Defendant Tverskoy regarding the unauthorized use of the ASHLEY mark in connection with the sale of furniture that is not made by Ashley on the website. The letter was returned by the United States Postal Service showing a forwarding

8

        address located at 4750 Bedford Ave., Apt. LD, Brooklyn, New York 11235-2621. A true copy of that correspondence is attached as Exhibit 9.

d.   On March 5, 2012, counsel for Plaintiff sent a letter to Defendant Tverskoy at the 4750 Bedford Ave., Apt. LD, Brooklyn, New York 11235-2621 regarding the unauthorized use of the ASHLEY mark and the name "Ashley" and all colorable variations thereof in connection with the sale of furniture on the website. A true copy of that correspondence is attached as Exhibit 10.

e.   On April 4, 2012, counsel for Plaintiff sent a letter to Defendant Tverskoy at the same Bedford Ave. address requesting a response to the letter dated March 5, 2012. A true copy of that correspondence is attached as Exhibit 11.

30.   On information and belief, despite Ashley's repeated demands to Defendant Tverskoy, Defendants have failed to respond to any of Plaintiff's letters or to discontinue the unauthorized use of the ASHLEY marks in connection with the sale of furniture on the website, www.modern1furniture.com.

31.   In selecting and using product identifiers that include Plaintiff's ASHLEY marks or a confusingly similar variation thereof in connection with the sale of their goods and services, Defendants have acted and continue to act with the intent of improperly taking or benefiting from the favorable reputation and valuable goodwill which Plaintiff has established in the ASHLEY marks.

32.   On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114(1)

33. Plaintiff specifically incorporates and re-alleges the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

34. Defendants' misappropriation of Plaintiff's registered trademark(s) in connection with advertising, distributing, offering to sell and/or selling furniture has caused, and will continue to cause confusion, mistake, or deception on the part of the public, and thus damage to Plaintiff.

35. Defendants' acts constitute infringement of Plaintiff's federally registered mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36. These violations have irreparably damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless enjoined, Defendants will continue to use the mark ASHLEY or confusingly similar variations thereof, further injuring Plaintiff and confusing the public.

37. The intentional nature of Defendants' unlawful acts renders this an exceptional case, entitling Ashley to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT II

### FALSE ADVERTISEMENT
### 15 U.S.C. § 1125(a)

38. Plaintiff specifically incorporates and re-alleges the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

39. Defendants have used and continue to use in commerce the mark ASHLEY and/or a colorable variation thereof in connection with the advertisement, promotion, sale and offer for sale of furniture in the United States in a manner that is false and misleading.

40. By virtue of advertising the furniture products of Defendants using the ASHLEY mark or a colorable variation thereof, Defendants have materially misrepresented the nature, quality and characteristics of both Defendants' furniture products and services and Ashley's furniture products and services.

41. Upon information and belief, the unlawful acts of Defendants constitute false advertising in violation of Section 43(a) of 15 U.S.C. § 1125(a), as customers rely upon Defendants' misrepresentation(s) believing that they will be receiving furniture products and services that are the same nature, quality and characteristics as furniture products and services of Ashley.

42. The unlawful actions of Defendants have occurred without the consent of Ashley, and long after Ashley established extensive and valuable good will in connection with the ASHLEY marks.

43. Upon information and belief, Defendants acted intentionally, with knowledge of, and in willful and conscious disregard of Ashley's rights, warranting the trebling of damages.

44. As a direct and proximate result of the foregoing unlawful conduct of Defendants, Ashley has suffered and will continue to suffer irreparable harm, with no adequate remedy at law. Unless enjoined, Defendants will continue the infringing uses, further injuring Plaintiff and confusing the public.

## COUNT III

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION 15 U.S.C. § 1125(a)

45. Plaintiff specifically incorporates and re-alleges the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

46. Defendants have used and are continuing to use the ASHLEY mark and/or colorable variations thereof, which are identical or confusingly similar to Plaintiff's ASHLEY mark and are likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval of the furniture products advertised, promoted, offered for sale and sold through Defendants' website located at www.modern1furniture.com, and thus constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Upon information and belief, Defendants acted intentionally, with knowledge of, and in willful and conscious disregard of Ashley's rights, warranting the trebling of damages.

48. Plaintiff has suffered and will continue to suffer, irreparable injury and damages as a result thereof for which Plaintiff has no adequate remedy at law. Unless enjoined, Defendant will continue the infringing uses, further injuring Plaintiff and confusing the public.

## COUNT IV

### VIOLATION OF NEW YORK CONSUMER PROTECTION ACT N.Y. GEN. BUS. LAW § 349

49. Plaintiff specifically incorporates and re-alleges the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

50. Defendants' deceptive acts including their use of Plaintiff's trademark(s) constitute deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349.

51. Defendants' conduct is deceptive in violation of § 349 because Defendants are willfully and deliberately misrepresenting to the public that their business is approved or endorsed by, or otherwise affiliate with Plaintiff, when it is not. This conduct is likely to confuse the public as to whether Defendants' furniture products and website located at www.modern1furniture.com are approved or endorsed by, or otherwise affiliate with Plaintiff.

52. Plaintiff has suffered injury as a result of Defendants' fraudulent representations in violation of New York law.

53. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

54. Plaintiff has suffered and will continue to suffer, irreparable injury and damages as a result thereof for which Plaintiff has no adequate remedy at law. Unless enjoined, Defendants will continue the infringing uses, further injuring Plaintiff and confusing the public.

55. Plaintiff is entitled to injunctive relief and/or all other available statutory remedies including without limitation those specified in N.Y. Gen. Bus. Law § 349.

### COUNT V

### COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

56. Plaintiff specifically incorporates and re-alleges the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

57. Defendants' acts constitute trademark infringement and unfair competition of Plaintiff's common law rights because Plaintiff is the prior user of the ASHLEY mark and Defendants' use of the ASHLEY mark or a colorable variation thereof in commerce is likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval by Plaintiff of

Defendants' furniture products and website located at www.modern1furniture.com.

58. Plaintiff has suffered and will continue to suffer, irreparable injury and damages as a result thereof for which Plaintiff has no adequate remedy at law. Unless enjoined, Defendants will continue the infringing uses, further injuring Plaintiff and confusing the public.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on each and every claim and defense so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court:

A. Preliminarily and permanently enjoin each Defendant and each of its parent organizations, subsidiaries, officers, directors, servant, agents, employees, attorneys, successors, assigns, members, and all persons acting in concert or participation with them, from using Plaintiff's ASHLEY marks or any similar word or mark likely to cause confusion therewith, in the connection with the sale, offering for sale, distribution, supply, and/or promotion of furniture;

B. Enter judgment in favor of Plaintiff on each and every count asserted in Plaintiff's Complaint and find that Plaintiff is entitled to damages, including but not limited to an accounting of all of the profits Defendants have derived from all unlawful use of Plaintiff's ASHLEY marks and an award of its actual damages, trebled as appropriate;

C. Require Defendants to pay Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement, false advertisement, deceptive trade practices and

unfair competition and to account for all gains, profits and advantages derived by Defendants by such trade practices and unfair competition;

D. Require Defendants to take all steps necessary to restore Plaintiff's trademark recognition in all relevant markets, including corrective advertising;

E. Award Plaintiff treble damages pursuant to 15 U.S.C. § 1117(b), N.Y Gen. Bus. Law § 349, and any other applicable law;

F. Award Plaintiff punitive damages pursuant to common law of New York and any other applicable laws;

G. Award Plaintiff pre-judgment and post judgment interest at the maximum rate allowed by law;

H. Award Plaintiff its actual and reasonable attorneys' fees, expenses and costs under 15 U.S.C. § 1117 and other applicable law; and

I. Award Plaintiff such further relief as the Court deems just, proper and equitable.

Respectfully submitted,

Date: December 11, 2012

Timothy J. Kelly (TK 8241)
Robert Pierson (RP 4504)
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 218-2100
Fax: (212) 218-2200
tkelly@fchs.com
rpierson@fchs.com

15

Thomas J. Wimbiscus
Patricia J. McGrath
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison St., 34th Floor
Chicago, Illinois 60661
Phone: (312) 775-8000
Fax: (312) 775-8100
twimbiscus@mcandrews-ip.com
pmcgrath@mcandrews-ip.com

Attorneys for Plaintiff,
ASHLEY FURNITURE INDUSTRIES, INC.